# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William Echard II,**
**Petitioner Below, Petitioner**

**vs)  No. 15-0441** (Harrison County 14-C-235-2)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William Echard II, by counsel Matthew S. Delligatti, appeals the Circuit Court of Harrison County's April 14, 2015, order denying his petition for writ of habeas corpus. Respondent Marvin Plumley, Warden, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his habeas petition on the ground of ineffective counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2010, the Harrison County grand jury indicted petitioner on one count of murder of a child by a parent, one count of death of a child by a parent, six counts of child abuse resulting in injury, three counts of child neglect resulting in injury, and one count of presentation of false information regarding child's injuries.

Following petitioner's trial in June of 2010, the jury returned a verdict of guilty on one count of death of a child by a parent, four counts of child abuse resulting in injury, and three counts of child neglect resulting in injury. Petitioner was acquitted of the remaining counts. In July of 2010, petitioner's counsel filed a post-verdict motion for a new trial on the ground of newly discovered evidence - an alibi witness - Mr. Barrackman. During the hearing on petitioner's motion, the circuit court heard proffers from counsel that she contacted Mr. Barrackman during the underlying criminal trial and subpoenaed him as a character witness. The circuit court also heard testimony from Mr. Barrackman that he was delivering telephone books with petitioner on July 7, 2009, from approximately 8:30 a.m. until 9:30 p.m.[1] Further, Mr.

---

[1]At least two of the thirteen counts were alleged to have occurred "on or about the 7th day of July 2009."

Barrackman testified that he did not have any knowledge of petitioner's whereabouts on any other date. Importantly, Mr. Barrackman testified that while he was confident that he told petitioner's family about petitioner's whereabouts on July 7, 2009, he was uncertain whether he disclosed this information to petitioner's counsel prior to petitioner's criminal trial. Finally, the circuit court heard evidence that two witnesses testified at petitioner's criminal trial that would have been consistent with Mr. Barrackman's testimony regarding petitioner's whereabouts on July 7, 2009. Ultimately, the circuit court denied petitioner's motion for a new trial.

In September of 2010, the circuit court sentenced petitioner to a term of incarceration of forty years for death of a child by a parent, a term of incarceration of two to ten years for each of the four counts of child abuse resulting in injury, and a term of incarceration of one to three years for each of the three counts of child neglect resulting in injury. Petitioner's sentences were to be served consecutive to each other. This Court affirmed petitioner's direct appeal by memorandum decision entered November 26, 2013. *See State v. Echard II*, No. 12-1386 (W.Va. Supreme Court, November 26, 2013)(memorandum decision).[2]

In May of 2014, petitioner filed a pro se petition in the circuit court seeking habeas relief. Thereafter, the circuit court appointed petitioner counsel. Several months later, with the assistance of counsel, petitioner filed an amended petition seeking habeas relief on the grounds of ineffective trial and appellate counsel and erroneous evidentiary rulings. Specifically, petitioner argued that trial counsel failed to conduct a sufficient investigation or call an alibi witness - Mr. Barrackman - during his criminal trial.

The circuit court held an omnibus evidentiary hearing on February 6, 2015. During the hearing, the circuit court heard testimony from petitioner and his trial counsel Nancy Ulrich. According to Ms. Ulrich's testimony, she believes that if petitioner would have revealed an alibi witness prior to trial that she would have subpoenaed the witness. Petitioner testified that he notified Ms. Ulrich of Mr. Barrackman as an alibi witness regarding his whereabouts on July 7, 2009, prior to his trial. On cross-examination, petitioner stated that two witnesses testified during his criminal trial as to his whereabouts on July 7, 2009, which was consistent with Mr. Barrackman's testimony during the hearing on petitioner's motion for a new trial. Ultimately, the circuit court issued an order denying petitioner relief. It is from this order that petitioner appeals

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

---

[2]The Supreme Court of the United States denied petitioner's petition for writ of certiorari by order entered March 31, 2014.

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner alleges that he was entitled to habeas relief because of newly discovered evidence in the form of Mr. Barrackman's testimony regarding his whereabouts on July 7, 2009. We, however, do not agree.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on this alleged error, which was also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignment of error raised herein and direct the Clerk to attach a copy of the circuit court's April 14, 2015, "Final Order Denying William Echard II's Petition For Writ Of Habeas Corpus Ad Subjiciendum" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 16, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

WILLIAM ECHARD II,

Petitioner,

vs.

Civil Case No.: 14-C-235-2
Underlying Felony No: 10-F-23-2
Honorable Thomas A. Bedell

MARVIN PLUMLY, WARDEN,
Huttonsville Correctional Center.

Respondent.

## FINAL ORDER DENYING WILLIAM ECHARD II'S PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM

On the 6th day of February 2015, came the Petitioner, William Echard, II, not in person by via video and by his counsel, Matthew S. Delligatti, Esq., and the Respondent, Marvin Plumley, Warden of Huttonsville Correctional Center, not in person, but by and through Andrea L. Roberts, Assistant Prosecuting Attorney for Harrison County, West Virginia. The parties appeared pursuant to an Order of this Court setting an Omnibus Hearing on William Echard II's Petition for a Writ of Habeas Corpus previously filed herein.

Whereupon, the Court explained to the Petitioner the purpose of the Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981), Checklist, (hereinafter referred to as the Losh Checklist), and inquired of the Petitioner if he had reviewed the Losh Checklist with his attorney. The Court further explained and advised Petitioner that if any ground of the Losh Checklist is not raised in this proceeding for a Writ of Habeas Corpus, the ground will be deemed permanently waived, to which the Petitioner advised the Court that he did understand. In addition, the Court reviewed in

open Court, the grounds of the Losh Checklist which Petitioner had marked to be raised and the ones Petitioner had not marked and therefore would be waived. The Petitioner advised aloud upon the record that the reading of the grounds to be raised and the ones to be waived was correct. The Petitioner and Nancy Ulrich, the Petitioner's trial counsel, presented sworn testimony. The Petitioner waived his attorney-client privilege thereby permitting Nancy Ulrich, his trial counsel, to testify regarding confidential communications between Petitioner and his trial counsel The Respondent did not present any sworn testimony. The Court incorporated the underlying felony case file as part of the record in the above listed case.

Thereupon, the Court requested counsel to submit their proposed findings of fact and conclusions of law within thirty (30) days of the date of this hearing.

Upon consideration of the records contained within the underlying criminal matter encaptioned State of West Virginia vs. William Echard, II, Felony Case Number 10-F-23-2, in the Circuit Court of Harrison County, West Virginia, the testimony of witnesses, the arguments of counsel and the pertinent legal authority, the Court finds the Petitioner is not entitled to a Writ of Habeas Corpus and his Petition should be denied.

### Findings of Fact and Conclusions of Law

1. A review of the "List of Grounds Waived or Asserted," filed pursuant to Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981), as confirmed by the Petitioner and his counsel at the time of the Omnibus Hearing, indicates that the Petitioner, John Robert Watson, has waived the following grounds:

    (1)    Trial court lacked jurisdiction;

    (2)    Statute under which conviction obtained unconstitutional;

    (3)    Indictment shows on face no offense was committed;

(4) Prejudicial pre-trial publicity (Petitioner's losh checklist showed the Petitioner was going to raise this ground but at the Omnibus hearing the Petitioner decided to waive this ground);

(5) Denial of right to speedy trial;

(6) Involuntary guilty plea;

(7) Mental competency at time of crime;

(8) Mental competency at time of trial cognizable even if not asserted at proper time or if resolution not adequate;

(9) Incapacity to stand trial due to drug use;

(10) Language barrier to understanding the proceedings;

(11) Denial of Counsel;

(12) Unintelligent waiver of counsel;

(13) Failure of counsel to take an appeal;

(14) Consecutive sentence for same transaction;

(15) Coerced confessions;

(16) Suppression of helpful evidence by prosecutor (Petitioner's losh checklist showed the Petitioner was going to raise this ground but at the Omnibus hearing the Petitioner decided to waive this ground);

(17) State's knowing use of perjured testimony (Petitioner's losh checklist showed that Petitioner was going to raise this ground but at the Omnibus hearing the Petitioner decided to waive this ground);

(18) Falsification of a transcript by prosecutor;

(19) Unfulfilled plea bargains;

(20)    Information in presentence report erroneous;

(22)    Double jeopardy;

(23)    Irregularities in arrest;

(24)    Excessiveness or denial of bail (Petitioner's losh checklist showed the Petitioner was going to raise this ground but at the Omnibus hearing the Petitioner decided to waive this ground);

(25)    No preliminary hearing;

(26)    Illegal detention prior to arraignment;

(27)    Irregularities or errors in arraignment;

(28)    Challenges to composition of grand jury or its procedures;

(29)    Failure to provide copy of indictment to defendant;

(30)    Defects in indictment;

(31)    Improper venue;

(32)    Pre-indictment delay;

(33)    Refusal of continuance;

(35)    Prejudicial joinder of defendants;

(36)    Lack of full public hearing;

(37)    Non-disclosure of Grand Jury minutes;

(38)    Refusal to turn over witness notes after witness has testified;

(39)    Claim of incompetence at time of offense, as opposed to time of trial;

(40)    Claims concerning use of informers to convict;

(42)    Instructions to the jury;

(43)    Claims of prejudicial statements by trial judges;

(44)     Claims of prejudicial statements by prosecutor;

(45)     Sufficiency of evidence (Petitioner's losh checklist showed the Petitioner was going to raise this ground but at the Omnibus hearing the Petitioner decided to waive this ground);

(46)     Acquittal of co-defendant on same charge;

(47)     Defendant's absence from part of the proceedings;

(48)     Improper communications between prosecutor or witnesses and jury;

(49)     Question of actual guilt upon an acceptable guilty plea;

(50)     Severer sentence than expected;

(51)     Excessive sentence;

(52)     Mistaken advice of counsel as to parole or probation eligibility;

(53)     Amount of time served on sentence; credit for time served;

2.     A review of the Petition and "List of Grounds Waived or Asserted," filed pursuant to Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981), as confirmed and amended by the Petitioner and his counsel at the time of the Omnibus Hearing, indicates that the Petitioner, William Echard, II, requests this Court to address three (3) grounds:

(21)     Ineffective assistance of counsel;

(34)     Refusal to subpoena witnesses;

(41)     Constitutional errors in evidentiary rulings;

3.     In January 2010, the Harrison County Grand Jury indicted the Petitioner on one count of murder of a child by a parent, one count of death of a child by a parent, six counts of child abuse resulting in injury, three counts of child neglect resulting in injury, and one count of presentation of false information regarding child's injuries.

4.     On the 2nd day of July, 2010, following a three day jury trial, Petitioner was convicted of one count of death of a child by a parent, four counts of child abuse resulting in injury, and three counts of child neglect resulting in injury. The jury acquitted the Petitioner on the remaining counts.

5.     On the 25th day of August, 2010, the Petitioner was sentenced to the custody of the Department of Corrections for the following terms: death of a child by a parent- forty (40) years incarceration; child abuse resulting in injury-not less than two (2) years nor more than ten (10) years incarceration on each of the four counts. The sentences for the above crimes were ordered to be served consecutively.

6.     The Petitioner was represented at trial by Nancy Ulrich, a seasoned attorney with criminal law experience. During the omnibus hearing Ms. Ulrich testified that she was assisted by another attorney, LeeAnn Schuck and an investigator.

7.     The Petitioner initially did not file an appeal and was resentenced to allow him time to pursue a direct appeal.

8.     The Petitioner filed an appeal challenging the admission of Detective McCarty's testimony regarding the out of court statement of Ms. M. The West Virginia Supreme Court denied the appeal and stated that "Detective McCarty's (the court opinion has his name as McCarthy) statement was not offered to prove what Ms. M said or witnessed. The statement was introduced to explain Detective McCarty's interrogation process and to explain why petitioner recanted his original claim of innocence and confessed to violently shaking the baby. Because Ms. M's out of court statement was not offered to prove the truth of the matter assered, it was appropriately admitted. For this reason, we conclude that the introduction of Detective Mccarty's

testimony did not present hearsay testimony and did not violate petitioner's rights pursuant to Crawford or Mechling."

9. On the 15th day of May, 2014, the Petitioner filed a Writ of Habeas Corpus and set forth eight (8) grounds for consideration by this Court: 1) ineffective assistance of counsel 2) newly discovered evidence 3) mental competency at the time of the crime and at the time of the trial 4) constitutional errors 5) erroneous ruling on objection by counsel 6) prejudicial statements and acts by prosecutor 7) right to confront was violated by counsel and the court 8) ineffective assistance of post conviction counsel.

10. On the 30th of May 2014, the Respondent filed an answer to Petitioner's Petition for Habeas Corpus Relief denying the allegations.

11. On the 9th day of October 2014, the Petitioner filed an Amended Petition for Habeas Corpus Relief and set forth two (2) grounds for consideration by this Court: 1) ineffective assistance of trial and appellate counsel 2) constitutional errors in evidentiary rulings.

12. The Petitioner acknowledged to the court with advice of trial counsel that he was only raising three (3) grounds, therefore each of the three grounds will be addressed separately below:

<u>Ineffective Assistance of Counsel</u>
(<u>Losh</u> Checklist No. 21)

The Petitioner claims that he received ineffective assistance of counsel because his trial counsel, Nancy Ulrich, failed to call an alibi witness to testify at his trial.

Claims of ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution are governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This standard articulated in

*Strickland* was subsequently adopted to govern ineffective assistance of counsel claims under Article III Sections 10, 14, and 17 of the West Virginia Constitution by the West Virginia Supreme Court of Appeals in *State v. Miller*, Syl. Pt. 5, 194 W.Va. 3, 459 S.E.2d 114 (1995). In syllabus point 5 of *Miller*, the West Virginia Supreme Court of Appeals stated:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

"In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland/Miller* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 321, 465 S.E.2d 416, 423(1995). If the petitioner fails to meet the burden of proof imposed by either part of the *Strickland/Miller* test, it is fatal to a habeas petitioner's claim. *See State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999), *citing, State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995). The first prong of the *Strickland/Miller* test requires that a petitioner "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. The petitioner's burden in this regard is heavy, as there is a "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'"

*See State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999), *quoting, Strickland*, at 689, 104 S.Ct. at 2065. In *Miller*, the West Virginia Supreme Court of Appeals further explained that:

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.*, Syl. Pt. 6, 194 W.Va. 3, 459 S.E.2d 114.

In the present case, Nancy Ulrich testified at the Omnibus hearing that if she had known about another alibi witness that she would have put him on the stand to testify. Mr. Echard testified at the Omnibus hearing that there were three alibi witnesses that testified on his behalf at the jury trial. At the post trial motion hearing Ms. Ulrich tells the Court that John Styre, Carolyn Styre and Petitioner all testified at trial that Petitioner had not seen the child from July 1, 2009 until the evening of July 15, 2009. (Post conviction motion hearing transcript pg 20 lines 10-16)

Ms. Ulrich states she became aware of Donald Barrackman stating that Petitioner was with him on July 7, 2009 after the trial and the court files show that Ms. Ulrich and Ms. Schuck filed a post conviction motion requesting a new trial because of newly discovered evidence. Mr. Barrackman testified at the post conviction motion hearing confirming that he had brought the issue of the Petitioner being with him on July 7, 2009 to the attention of the Petitioner's family but he was uncertain if he had definitely brought it to the attention of the Petitioner's attorney. Mr Barrackman states he talked to the Petitioner's attorney prior to trail about being a character witness and when the Court asks Mr. Barrackman if he provided any records directly to

30

Petitioner's attorney, Mr. Barrackman states he provided them to Petitioner's family. (Post conviction hearing motion transcript pgs 31-35).

The Petitioner, in his supporting facts and witness testimony, fails to meet his burden of demonstrating he received ineffective assistance of counsel. It is the Petitioner's duty when alleging ineffective assistance of counsel to provide sufficient evident to support the allegation. The Petitioner has not shown that Ms. Ulrich knew Mr. Barrackman could testify to his whereabouts on July 7, 2009, he has shown by testimony of Mr. Barrackman at his post conviction motion hearing that his family was aware of Mr. Barrackman's possible testimony and cellphone records. Even if Petitioner could meet the first prong of the Miller/Strickland standard, he has not proven by a preponderance of the evidence that there is a reasonable probability that "but-for" counsel's unprofessional errors, the result of the proceedings would have been different. The Petitioner had three alibi witnesses, including himself, that testified, he did not have contact with the child from July 1, 2009 until July 15, 2009 and the jury still found him guilty, so one more witness to testify regarding that he had no contact with the child would have just been repetitive and not changed the results. In addition the Petitioner confessed to the crime and that confession was entered into evidence at trial. Therefore, the Petitioner cannot meet the second prong of the test. Consequently, the Petitioner has failed to prove that he received ineffective assistance of counsel.

### Refusal to Subpoena Witnesses
#### (Losh Checklist No. 34)

This was addressed under ineffective assistance of counsel, Losh Checklist No. 21, above.

The Petitioner failed to prove there was a refusal to subpoena witnesses.

## Constitutional Errors in Evidentiary Rulings
(Losh Checklist No. 41)

The Petitioner claimed that the Court erred in admitting his confession at the trial. The Petitioner failed to present any evidence to prove by a preponderance of the evidence that there were constitutional errors in the evidentiary rulings. Consequently Petitioner has failed to prove this ground

## Conclusions of Law

1. The applicable statute for the issuance of a Writ of Habeas Corpus are West Virginia Code Section 53-4A-1, et seq.

2. The Court has concluded that the hearing conducted in this matter as an omnibus hearing. Therefore, the petitioner has waived and is prevented from asserting any further grounds in a future Petition for Writ of Habeas Corpus. The Court notes that:

> An omnibus hearing as contemplated in West Virginia Code 53-4A-1, et seq., occurs when: (1) an applicant for a habeas corpus is represented by counsel or appears **pro se**, having knowingly and intelligently waived his right to counsel; (2) the trial court inquires as to all the standard rounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon advice of counsel unless he knowingly and intelligently waives his right; (4) the trial court drafts a comprehensive order including findings on the merits on the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding.

Losh v. Mckenzie, 166 W.Va. 762.277 S.E.2d 606 (1981). In applying the standard to the instant case, the Court notes that the petitioner is represented by counsel throughout these proceedings. Second, the Court cautioned the petitioner at the outset of the hearing that any ground not raised in this hearing would be deemed waived. The petitioner's waiver of these grounds is implied because he chose not to present any further evidence and he chose not to proffer any evidence

concerning the grounds for written habeas corpus relief. Finally, the within Order has ruled upon the merits of the grounds presented at the omnibus hearing, the original Petition for a Writ of Habeas Corpus, filed on the 15th day of May, 2014; the Respondent's Answer To Petition For Habeas Corpus Relief, filed on the 30th day of May, 2014; the Amended Petition for Post-Conviction Relief And Checklist Of Grounds For Post-Conviction Habeas Corpus Relief, filed on the 14th day of October, 2014; and, Respondent's Answer To Petitioner's Amended Petition For Habeas Corpus Relief, filed on the 10th day of December, 2014.

## Ruling

It appearing to the Court that, after review of the findings of fact and conclusions of law above, no meritorious grounds for relief have been substantiated by the Petitioner. Accordingly, the Petition for Writ of Habeas Corpus should be and is hereby **DENIED**.

It is further **ORDERED** that the Clerk of this Court deliver, by first class mail or other means, a certified copy of the within Order to the following:

Matthew S. Delligatti, Esquire
Kettering Delligatti Law Offices, PLLC
Post Office Box 942
Fairmont, West Virginia 26554
*Counsel for Petitioner*

William Echard II
Huttonsville Correctional Center
Post Office Box 1
Huttonsville, West Virginia 26546
*Petitoner*

Andrea L. Roberts
Assistant Prosecuting Attorney
Harrison County Courthouse, Suite 201
301 W. Main Street
Clarksburg, West Virginia 26301
*Counsel for Defendant*

It is further **ORDERED** that the aforementioned petition should be and is hereby

**dismissed** from the active docket of this Court.

ENTER: _Apr 14, 2015_

THOMAS A. BEDELL, Chief Judge